Joseph Lavi, Esq. (State Bar No. 209776)
jlavi@lelawfirm.com
Jordan D. Bello, Esq. (State Bar No. 243190)
jbello@lelawfirm.com
**LAVI & EBRAHIMIAN, LLP**
8889 W. Olympic Blvd., Suite 200
Beverly Hills, California 90211
Telephone: (310) 432-0000
Facsimile: (310) 432-0001

Attorneys for PLAINTIFF
OMAR MAGANA on behalf of himself and others
similarly situated.

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

OMAR MAGANA on behalf of himself and others similarly situated.

      PLAINTIFF,

vs.

THE F. A. BARTLETT TREE COMPANY, a Connecticut corporation; FINCH TREE SURGERY, INC., a California corporation; BARTLETT TREE EXPERTS, a business entity unknown, and DOES 1 to 100, Inclusive.

      DEFENDANTS.

Case No.: 17-cv-06113-RS

**CLASS ACTION**

**PLAINTIFF OMAR MAGANA'S SECOND AMENDED COMPLAINT FOR DAMAGES AND RESTITUTION FOR:**

1. **FAILURE TO PAY OVERTIME IN VIOLATION OF LABOR CODE SECTIONS 510, 1194, 1198, AND THE WAGE ORDERS**

2. **FAILURE TO PROVIDE SECOND MEAL PERIODS IN VIOLATION OF LABOR CODE SECTIONS 226.7 AND 512**

3. **FAILURE TO PROVIDE REST BREAKS IN VIOLATION OF LABOR CODE SECTION 226.7**

4. **FAILURE TO PROVIDE COMPLETE AND ACCURATE WAGE STATEMENTS IN VIOLATION OF LABOR CODE SECTION 226**

5. **FAILURE TO TIMELY PAY UNPAID WAGES DUE AT TIME OF SEPARATION OF EMPLOYMENT IN VIOLATION OF LABOR CODE SECTIONS 201, 202, AND 203**

6. **UNFAIR BUSINESS PRACTICES IN VIOLATION OF BUSINESS AND PROFESSIONS CODE SECTION 17200,** *et seq.*

7. **CIVIL PENALTIES PURSUANT TO THE PRIVATE ATTORNEYS GENERAL ACT OF 2004 ("PAGA"), LABOR CODE SECTION 2698,** *et seq.*

**DEMAND FOR JURY TRIAL**

NOW COMES Plaintiff OMAR MAGANA ("Plaintiff"), who alleges and complains against defendants THE F. A. BARTLETT TREE COMPANY, FINCH TREE SURGERY, INC., BARTLETT TREE EXPERTS, and DOES 1 to 50, inclusive, (hereinafter, collectively referred to as "Defendants" or "DEFENDANTS"), and DOES 51 to 100 as follows:

## I.    INTRODUCTION

1.    This is a wage and hour class action lawsuit on behalf of Plaintiff and other current and former non-exempt employees of DEFENDANTS in California seeking: unpaid overtime based on failure to include all remuneration in calculating the regular rate of pay; unpaid wages for workdays DEFENDANTS failed to provide legally compliant second meal periods; unpaid wages for workdays DEFENDANTS failed to provide legally compliant rest periods; statutory penalties for failure to provide accurate and complete wage statements; waiting time penalties in the form of continuation wages for failure to timely pay former employees all earned and unpaid wages; applicable civil penalties; injunctive relief and other equitable relief, reasonable attorney's fees pursuant to Labor Code sections 226(e),  1194, costs, and interest, if applicable, brought on behalf of Plaintiff and others similarly situated.

## II.    JURISDICTION AND VENUE

2.    This Court has jurisdiction over Plaintiff and the Class Members' claims because Plaintiff's lawsuit seeks permanent injunction and damages for himself and the class in excess of $25,000 and DEFENDANTS employed class members and injuries occurred throughout California including in San Francisco County at 1599 Custer Avenue, San Francisco, California 94124.

### III.    **PARTIES**

3.    Plaintiff brings this action on behalf of himself and other members of the general public similarly-situated.  The named Plaintiff and the class of persons on whose behalf this action is filed include current, former and/or future employees of DEFENDANTS who worked, work, or will work for DEFENDANTS as non-exempt hourly employees in California. At all times mentioned herein, the currently named Plaintiff is and was domiciled and a resident and citizen of California and was employed by DEFENDANTS in a non-exempt position within the 4 years prior to the filing of the complaint.

4.    Plaintiff is informed and believes and thereon alleges that Defendant THE F. A. BARTLETT TREE COMPANY is a citizen of Connecticut (incorporated in and principal place of business in Connecticut), is authorized to do business within the State of California, and is doing business in the State of California and/or that Defendants DOES 51-100 are, and at all times relevant hereto were persons acting on behalf of THE F. A. BARTLETT TREE COMPANY who violated or caused to be violated provisions of the Labor Code and/or the Industrial Welfare Commission's wage orders regulating hours and days of work. Plaintiff is informed and believes and thereon alleges that THE F. A. BARTLETT TREE COMPANY was Plaintiff's employer and suffered and permitted Plaintiff and similarly situated non-exempt employees to work and exercised control over the wages, hours and working conditions of employment of Plaintiff and similarly situated non-exempt employees. THE F. A. BARTLETT TREE COMPANY employed class members and injuries occurred throughout California including in San Francisco County at 1599 Custer Avenue, San Francisco, California 94124.

5.    Plaintiff is informed and believes and thereon alleges that Defendant FINCH TREE SURGERY, INC. is a citizen of California (incorporated in and principal place of business in California) is authorized to do business within the State of California and is doing business in the State of California and/or that Defendants DOES 51-100 are, and at all times relevant hereto were persons acting on behalf of FINCH TREE SURGERY, INC. who violated or caused to be violated provisions of the Labor Code and/or the Industrial Welfare Commission's wage orders regulating hours and days of work. Plaintiff is informed and believes and thereon alleges that FINCH TREE

1    SURGERY, INC. was Plaintiff's employer and suffered and permitted Plaintiff and similarly situated

2    non-exempt employees to work and exercised control over the wages, hours and working conditions

3    of employment of Plaintiff and similarly situated non-exempt employees.

4            6.       Plaintiff is informed and believes and thereon alleges that Defendant BARTLETT

5    TREE EXPERTS is authorized to do business within the State of California and is doing business in

6    the State of California and/or that Defendants DOES 51-100 are, and at all times relevant hereto were

7    persons acting on behalf of BARTLETT TREE EXPERTS who violated or caused to be violated

8    provisions of the Labor Code and/or the Industrial Welfare Commission's wage orders regulating

9    hours and days of work. Plaintiff is informed and believes and thereon alleges that BARTLETT TREE

10   EXPERTS was Plaintiff's employer and suffered and permitted Plaintiff and similarly situated non-

11   exempt employees to work and exercised control over the wages, hours and working conditions of

12   employment of Plaintiff and similarly situated non-exempt employees.

13           7.       Plaintiff is informed and believes and thereon alleges that Defendants DOES 1 through

14   50 are corporations, or are other business entities or organizations of a nature unknown to Plaintiff

15   that employed PLAINTIFF and the similarly situated California non-exempt employees, permitted

16   Plaintiff and similarly situated non-exempt employees to work, and exercised control over the wages,

17   hours and working conditions of employment of Plaintiff and similarly situated non-exempt

18   employees.

19           8.       Plaintiff is informed and believes and thereon alleges that Defendants DOES 51

20   through 100 are individuals unknown to Plaintiff. Each of the individual defendants is sued

21   individually and in his or her capacity as an agent, shareholder, owner, representative, manager,

22   supervisor, independent contractor and/or employee of each defendant who violated or caused to be

23   violated the minimum wage and overtime provisions of the Labor Code and/or any provision of the

24   Industrial Welfare Commission's wage orders regulating hours and days of work.

25           9.       Plaintiff is unaware of the true names of Defendants DOES 1 through 100. Plaintiff

26   sues said defendants by said fictitious names, and will amend this complaint when the true names and

27   capacities are ascertained or when such facts pertaining to liability are ascertained, or as permitted by

28   law or by the Court. Plaintiff is informed and believes that each of the fictitiously named defendants

1    is in some manner responsible for the events and allegations set forth in this complaint.

2        10.    Plaintiff makes the allegations in this complaint without any admission that, as to any

3    particular allegation, Plaintiff bears the burden of pleading, proving, or persuading and Plaintiff

4    reserves all of Plaintiff's right to plead in the alternative.

5    **IV.**    **DESCRIPTION OF ILLEGAL PAY PRACTICES**

6        11.    **Failure to pay properly calculated overtime by failing to include all remuneration**

7    **in calculating the regular rate of pay**: DEFENDANTS employ non-exempt employees, including

8    the named Plaintiff and all others similarly-situated, with a compensation structure that includes

9    additional remuneration, including but not limited to non-discretionary production bonuses. At times,

10   Plaintiff and similarly situated California employees worked overtime hours under California law

11   during pay periods that the employees earned the additional remuneration.

12       12.    Under California law in determining the regular rate of pay for purposes of calculating

13   the proper overtime premium pay; the employer must consider not only straight hourly wage

14   compensation but must also include payment of all remuneration.

15       13.    DEFENDANTS entirely excluded certain remuneration, including the bonuses, in

16   calculating the overtime rate of pay for Plaintiff and similarly situated employees during the periods

17   the remuneration was earned. This practice resulted in Plaintiff and all other similarly situated

18   employees working overtime hours and DEFENDANTS paying them less wages then the employees

19   were entitled to under California law.

20       14.    **Failure to pay premium wages to non-exempt employees to compensate them for**

21   **workdays Defendants failed to provide legally compliant second meal breaks:** California law

22   requires an employer to provide an employee an uninterrupted meal period of no less than 30-minutes

23   before the end of a 5 hour work period during which employees are relieved of all duties. (Lab. Code

24   §§226.7, 512, 1198; Wage Orders, subd. 11.) An employer may not employ an employee for a work

25   period of more than 10 hours per day without providing the employee with a second meal period of

26   not less than 30 minutes before the end of the 10th hour of work. (*Id.*) To be "duty-free" an employer

27   must allow an employee to leave the premises in addition to being relieved of all duties including

28   time spent waiting to perform work. (*Bono Enterprises, Inc. v. Bradshaw* (1995) 32 Cal.App.4th 968;

see *Mendiola v. CPS Security Solutions, Inc.* (2015) 60 Cal.4th 833, 839 [considering even on call sleeping time as compensable hours worked].) If an employer fails to provide an employee a meal period in accordance with the law, the employer must pay the employee one hour of pay at the employee's regular rate of compensation for each work day that a legally required meal period was not provided or did not otherwise comply with the law (*e.g.*, was interrupted, was not duty free, was untimely, etc.). (*Id.*)

15.    Plaintiff and other non-exempt employees worked on workdays in shifts of more than 10 hours. During his employment, DEFENDANTS would fail to provide a legally compliant second meal break prior to the end of the tenth hour of work. DEFENDANTS did not have a policy to provide Plaintiff and other non-exempt employees with second meal breaks when he and other similarly situated employees worked ten hours. DEFENDANTS also failed to pay Plaintiff and similarly situated employees one hour of pay at their regular rate of pay for each workday Plaintiff and similarly situated employees did not receive a legally compliant second meal periods. DEFENDANTS lacked a policy and procedure for compensating Plaintiff and similarly situated employees with premium wages when they did not receive all legally compliant second meal periods.

16.    This practice resulted in Plaintiff and all other similarly situated employees not receiving wages to compensate them for workdays which DEFENDANTS did not provide them with all legally compliant second meal periods in compliance with California law.

17.    **Failure to pay premium wages to non-exempt employees to compensate them for workdays Defendants failed to provide legally compliant third rest breaks:** California law states that "[e]very employer shall authorize and permit all employees to take rest periods, which insofar as practicable shall be in the middle of each work period. The authorized rest period time shall be based on the total hours worked daily at the rate of ten (10) minutes net rest time per four (4) hours or major fraction thereof. … If an employer fails to provide an employee a rest period in accordance with the applicable provisions of this order, the employer shall pay the employee one (1) hour of pay at the employee's regular rate of compensation for each workday that the rest period is not provided." (Wage Orders, subd. 12; see Lab. Code § 226.7.) Under California law, "[e]mployees are entitled to 10 minutes' rest for shifts from three and one-half to six hours in length, 20 minutes for shifts of more

than six hours up to 10 hours, 30 minutes for shifts of more than 10 hours up to 14 hours, and so on." (*Brinker v. Superior Court* (2012) 53 Cal.4th 1004, 1029; Lab. Code §226.7; Wage Orders, subd. 12.) Rest periods must be in the middle of each work period. (Wage Orders, subd. 12.) If an employer fails to provide an employee a timely and legally compliant rest period, the employer must pay the employee one hour of pay at the employee's regular rate of compensation for each work day that a legally required meal period was not provided or was not duty free. (*Id.*)

18.    Plaintiff and other non-exempt employees regularly worked on workdays in shifts of more than 8 hours and at times more than 10 hours. During his employment, DEFENDANTS would regularly fail to provide Plaintiff and other non-exempt employees timely rest breaks in the middle of each work period during which they were relieved of all duties. DEFENDANTS lacked a policy to provide rest periods.

19.    DEFENDANTS also failed to pay employees one hour of pay at their regular rate of pay for each workday Plaintiff and employees did not receive all legally required and legally compliant rest periods. DEFENDANTS lacked a policy and procedure for compensating employees with premium wages when they did not receive all legally required and legally compliant rest periods.

20.    This practice resulted in Plaintiff and all other similarly situated California non-exempt employees not receiving wages to compensate them for workdays which DEFENDANTS did not provide them with legally required and legally compliant rest periods in compliance with California law.

21.    **Pay Stub Violations**: California Labor Code section 226(a) provides (inter alia) that, upon paying an employee his or her wages, the employer must "furnish each of his or her employees ... an itemized statement in writing showing: (1) gross wages earned, (2) total hours worked by the employee, except for any employee whose compensation is solely based on a salary and who is exempt from payment of overtime under subdivision (a) of Section 515 or any applicable order of the Industrial Welfare Commission, (3) the number of piece-rate units earned and any applicable piece rate if the employee is paid on a piece-rate basis, (4) all deductions, provided, that all deductions made on written orders of the employee may be aggregated and shown as one item, (5) net wages earned, (6) the inclusive dates of the pay period for which the employee is paid, (7) the name of the

employee and his or her social security number, (8) the name and address of the legal entity that is the employer, and (9) all applicable hourly rates in effect during the pay period and the corresponding number of hours worked at each hourly rate by the employee."

22.    DEFENDANTS failed to provide accurate and complete wage statements to Plaintiff and other non-exempt employees. Because DEFENDANTS failed to pay all properly calculated overtime due, and unpaid meal and rest period premiums; wage statements provided to Plaintiff and other similarly situated employees often failed to accurately state total hours worked, gross wages earned, net wages earned, and applicable hourly rates and corresponding number of hours worked. DEFENDANTS violated Labor Code section 226, subdivision (a), by failing to provide wage statements which stated accurate representations of total hours worked, gross wages earned, net wages earned, and applicable hourly rates and corresponding number of hours worked. In addition, wage statements provided to employees which failed to include a social security number or employee number, all applicable hourly rates in effect during the pay period and the corresponding number of hours worked at each hourly rate by the employee, the name and address of the employer, and dates of the period for which the pay was being provided.

23.    DEFENDANTS applied these policies and procedures to Plaintiff and other non-exempt employees in California which resulted in DEFENDANTS failing to provide complete and accurate wage statements to non-exempt employees in compliance with Labor Code section 226, subdivision (a).

24.    **Failure to Pay Former California Non-Exempt Employees All Wages Due at Time of Termination/Resignation**: An employer is required to pay all unpaid wages timely after an employee's employment ends. The wages are due immediately upon termination (Lab. Code §201) or within 72 hours of resignation (Lab. Code §202).

25.    DEFENDANTS failed to pay Plaintiff and other non-exempt employees with all wages (including unpaid wages for overtime due to miscalculation and unpaid premium wages for failure to provide all legally compliant meal and/or rest breaks) during their employment and never paid these amounts after Plaintiff and other California employees separated employment with DEFENDANTS. As a result, DEFENDANTS failed to pay those employees timely after each

employee's termination and/or resignation in violation of Labor Code sections 201 and 202.

## V.    CLASS DEFINITIONS AND CLASS ALLEGATIONS

26.    Plaintiff brings this action on behalf of himself, on behalf of all others similarly situated, and on behalf of the General Public, and as a member of a Class defined as follows:

A.    **Regular Rate Class:** All current and former non-exempt employees employed by Defendants in California at any time within the four years prior to the filing of the initial complaint in this action and through the date notice is mailed to a certified class, who earned bonuses which were not included in calculating the regular rate of pay for overtime pay earned during pay periods the employees earned the bonuses.

B.    **Second Meal Period Class**: All current and former non-exempt employees employed by Defendants in California at any time within the four years prior to the filing of the initial complaint in this action and through the date notice is mailed to a certified class who worked more than 10 hours during a workday and did not receive wages to compensate them for not receiving a legally compliant second meal period.

C.    **Rest Period Class**: All current and former non-exempt employees employed by Defendants in California at any time within the four years prior to the filing of the initial complaint in this action and through the date notice is mailed to a certified class who worked more than 3.5 hours in a day and did not receive wages to compensate employees for workdays Defendants failed to provide rest periods in compliance with California law.

D.    **Wage Statement Class**: All current and former employees employed by Defendants in California at any time within the one year prior to the filing of the initial complaint in this action and through the date notice is mailed to a certified class who received inaccurate or incomplete wage statements.

E.    **Waiting Time Class**: All former non-exempt employees employed by Defendants in California at any time within the three years prior to the filing of the initial complaint in this action and through the date notice is mailed to a certified class whose employment ended and they did not receive payment of all unpaid wages within the statutory time period after separation of employment.

F.    **California Class**: All aforementioned classes are here collectively referred to as the "California Class".

27.    There is a well-defined community of interest in the litigation and the classes are ascertainable:

A.    **Numerosity**: While the exact number of class members in each class is unknown to plaintiff at this time, the Plaintiff classes are so numerous that the individual joinder of all members is impractical under the circumstances of this case.

B.    **Common Questions Predominate**: Common questions of law and fact exist as to all members of the Plaintiff classes and predominate over any questions that affect only individual members of each class. The common questions of law and fact include, but are not limited to:

i.    Whether Defendants failed to properly calculate overtime by excluding bonuses from the calculation of regular rate of pay for the Regular Rate Class;

ii.    Whether Defendants failed to provide timely and legally compliant second meal breaks to the Second Meal Period Class;

iii.    Whether Defendants failed to provide timely and legally compliant rest breaks to the Rest Period Class;

iv.    Whether Defendants failed to provide the Wage Statement Class Members with accurate and complete itemized wage statements;

v.    Whether Defendants failed to provide the Waiting Time Class with all unpaid wages within the statutory time period following separation of employment;

vi.    Whether Defendants committed unlawful business acts or practices within the meaning of Business and Professions Code section 17200 *et seq.*;

vii.    Whether Class Members are entitled to unpaid wages, penalties, interest, fees and other relief in conjunction with his claims; and

viii.    Whether, as a consequence of Defendant's unlawful conduct, the Class Members are entitled to restitution, and/or equitable relief;

C.    **Typicality**: Plaintiff's claims are typical of the claims of the class members in each of the classes. Plaintiff and members of the Regular Rate class earned non-discretionary bonuses during pay periods the Regular Rate class worked overtime which were paid without including the bonus in the regular rate calculation. Plaintiff and members of the Second Meal Period and Rest Period Classes sustained damages and/or loss of vested wages based on Defendants' failure to provide wages for workdays Defendants failed to provide timely and legally compliant second meal periods or all legally compliant rest periods. Plaintiff and the members of the Wage Statement Class sustained damages arising out of Defendants' failure to furnish them with accurate and/or complete itemized wage statements in compliance with Labor Code section 226. Plaintiff and the members of the Waiting Time Class sustained damages arising out of Defendants' failure to provide all unpaid wages due upon the end of their employment.

D.    **Adequacy of Representation**: Plaintiff will fairly and adequately protect the interests of the members of each class. Plaintiff has no interest that is adverse to the interests of the other class members. Plaintiff's Counsel is qualified to conduct the litigation.

E.    **Superiority**: A class action is superior to other available means for the fair and efficient adjudication of this controversy. Because individual joinder of all members of each class is impractical, class action treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without the unnecessary duplication of effort and expense that numerous individual actions would engender. The expenses and burdens of individual litigation would make it difficult or impossible for individual members of each class to redress the wrongs done to them, while important public interests will be served by addressing the matter as a class action. The cost to and burden on the court system of adjudication of individualized litigation would be substantial, and substantially more than the costs and burdens of a class action. Individualized litigation would also present the potential for inconsistent or contradictory judgments.

F.    **Public Policy Consideration**: Employers throughout the state violate wage and hour laws. Current employees are often afraid to assert their rights out of fear of direct or indirect retaliation. Former employees are fearful of bringing actions because they perceive their former

employers can blacklist them in their future endeavors through negative references and by other means. Class actions provide the class members who are not named in the complaint with a type of anonymity that allows for vindication of their rights.

## FIRST CAUSE OF ACTION

**FAILURE TO PAY WAGES AT MINIMUM WAGE RATE FOR ALL HOURS WORKED IN VIOLATION OF LABOR CODE SECTIONS 1194 AND 1197**

**(Against DEFENDANTS THE F. A. BARTLETT TREE COMPANY, FINCH TREE SURGERY, INC., BARTLETT TREE EXPERTS, and DOES 1 to 50 by the Regular Rate Class)**

28.    Plaintiff incorporates all paragraphs above as though fully set forth herein.

29.    At all times relevant to this Complaint, Labor Code section 510, 1194, 1198 and the Wage Orders require that employers provide non-exempt employees an overtime rate of pay for hours worked in excess of 8 hours in a workday, 40 hours in a workweek, or on any seventh consecutive day of work in a workweek. Employers must pay employees no less than one and one-half the employees' regular rate of pay for all hours worked in excess of eight hours up to twelve hours in a workday, in excess of forty hours in a workweek, and any hours up to eight hours on any seventh consecutive day of work in a workweek. (Lab. Code §510 and Wage Orders.) Employers must pay employees no less than two times the employees' regular rate of pay for all hours worked in excess of twelve hours in a workday or any hours in excess of eight hours on any seventh consecutive day worked in a workweek. (*Id.*)

30.    Under California law, the determination of the regular rate of pay for purposes of determining the amount of overtime pay and meal and rest period premiums must include all remuneration earned by the employee including the employee's commissions, bonuses, shift-differential pay or other non-hourly compensation.

31.    At all times herein mentioned, Plaintiff and the Regular Rate Class were non-exempt in California and subject to the overtime and meal/rest period provisions set-forth above. Plaintiff alleges that he and the Regular Rate Class worked for DEFENDANTS during shifts that they worked overtime and/or earned meal or rest period premiums.

32.     Plaintiff further alleges that he and the Regular Rate Class were paid non-discretionary bonuses for time periods that Plaintiff and the class members worked overtime or earned meal or rest period premium wages.

33.     Plaintiff further alleges that at times, Defendants paid him and the Regular Rate Class compensation for overtime hours that did not include all bonuses as part of the determination of the regular rate upon which the premium pay would be calculated.

34.     Therefore, Plaintiff alleges that wages are due to him and to the other class members, because DEFENDANTS paid less compensation than was due. Plaintiff demands for himself and for the class, all applicable payment of unpaid overtime wages, including all appropriate penalties and interest.

35.     Plaintiff is also entitled to, and seeks on behalf of himself and the Regular Rate Class and all others similarly-situated, all reasonable attorney's fees and costs of suit pursuant to Labor Code section 1194.

## SECOND CAUSE OF ACTION

**FAILURE TO PROVIDE SECOND MEAL PERIODS IN VIOLATION OF LABOR CODE SECTIONS 226.7 AND 512**

**(Against DEFENDANTS THE F. A. BARTLETT TREE COMPANY, FINCH TREE SURGERY, INC., BARTLETT TREE EXPERTS, AND DOES 1 TO 50 by the Second Meal Class)**

36.     Plaintiff hereby incorporates by reference all paragraphs above as if fully set herein by reference.

37.     At all times relevant to this Complaint, Plaintiff and the members of the Second Meal Period Class were non-exempt employees of DEFENDANTS in California and covered by California Labor Code sections 226.7, 512, 1198 and the Wage Orders.

38.     California law requires an employer to provide an employee an uninterrupted meal period of no less than 30-minutes before the end of a 5 hour work period during which the employee is relieved of all duties. (Lab. Code §512; Wage Order 1, subd. 11.) An employer may not employ an employee for a work period of more than 10 hours per day without providing the employee with a

second meal period of not less than 30 minutes before the end of the 10th hour of work. (*Id.*) If an employer fails to provide an employee a meal period in accordance with the law, the employer must pay the employee one hour of pay at the employee's regular rate of compensation for each work day that a legally required meal period was not provided or was not duty free. (*Id.*)

39.    Plaintiff and the Second Meal Period Class worked on workdays in shifts of more than 10 hours entitling them to second meal periods under California law. Despite that California law requires employers to provide employees with second meal periods when an employee's work shift is more than 10 hours; DEFENDANTS failed to have a policy which provided for a second meal period before the 10th hour of work when employees worked 10 hours in a workday. Plaintiff and the Second Meal Period Class would work on workdays in shifts of more than 10 hours without receiving a second meal period prior to the expiration of the 10th hour of work in violation of California law.

40.    DEFENDANTS also failed to pay employees one hour of pay at their regular rate of pay for each workday Plaintiff and Second Meal Period worked in excess of 10 hours and did not receive a second meal period. DEFENDANTS lacked a policy and procedure for compensating employees with premium wages when they did not receive second meal periods.

41.    DEFENDANTS are liable to Plaintiff and Second Meal Period Class for one hour of additional pay at the regular rate of compensation for each workday that DEFENDANTS did not provide second meal periods in compliance with the law.

42.    Plaintiff, on behalf of himself and the Second Meal Period Class, seek damages and all other relief allowable including a premium meal break wage for each workday the employees were not provided with all uninterrupted and/or second meal periods in compliance with the law.

### THIRD CAUSE OF ACTION

### FAILURE TO PROVIDE REST BREAKS IN VIOLATION OF LABOR CODE SECTION 226.7

### (Against DEFENDANTS THE F. A. BARTLETT TREE COMPANY, FINCH TREE SURGERY, INC., BARTLETT TREE EXPERTS, AND DOES 1 TO 50 by the Rest Period Class)

43.    Plaintiff hereby incorporates by reference all paragraphs above as if fully set herein by

1    reference.

2        44.    At all times relevant to this Complaint, Plaintiff and the members of the Rest Period

3    Class were non-exempt employees of DEFENDANTS in California and covered by California Labor

4    Code section 226.7 and the Wage Orders.

5        45.    California law states that "[e]very employer shall authorize and permit all employees

6    to take rest periods, which insofar as practicable shall be in the middle of each work period. The

7    authorized rest period time shall be based on the total hours worked daily at the rate of ten (10)

8    minutes net rest time per four (4) hours or major fraction thereof. … If an employer fails to provide

9    an employee a rest period in accordance with the applicable provisions of this order, the employer

10   shall pay the employee one (1) hour of pay at the employee's regular rate of compensation for each

11   workday that the rest period is not provided." (Wage Order 9, subd. 12; see Lab. Code § 226.7.) Under

12   California law, "[e]mployees are entitled to 10 minutes' rest for shifts from three and one-half to six

13   hours in length, 20 minutes for shifts of more than six hours up to 10 hours, 30 minutes for shifts of

14   more than 10 hours up to 14 hours, and so on." (*Brinker v. Superior Court* (2012) 53 Cal.4th 1004,

15   1029; Lab. Code §226.7; Wage Order 9, subd. 12.) Rest periods must be in the middle of each work

16   period. (Wage Order 9, subd. 12.) If an employer fails to provide an employee a timely and legally

17   compliant rest period, the employer must pay the employee one hour of pay at the employee's regular

18   rate of compensation for each work day that a legally required meal period was not provided or was

19   not duty free. (*Id.*)

20       46.    Plaintiff and similarly situated employees in California would work on workdays in

21   shifts in excess of 3.5 hours entitling them to rest periods under California law. Despite that California

22   law requires employers to provide employees with rest periods when an employee's work shift is

23   more than 3.5 hours; DEFENDANTS failed to employ a policy and procedure which provided

24   Plaintiff and other non-exempt employees with rest periods or multiple rest periods. As a result of

25   DEFENDANTS' practice and procedure, Plaintiff and similarly situated non-exempt employees

26   would work on workdays in shifts in excess of 3.5 and in excess of 10 hours without receiving a rest

27   periods or multiple rest periods in violation of California law.

28       47.    DEFENDANTS also failed to pay Plaintiff and similarly situated employees one hour

of pay at their regular rate of pay for each workday Plaintiff and employees did not receive all timely and legally compliant rest periods. DEFENDANTS failed to have a policy and procedure in place to pay employees when DEFENDANTS did not provide them with a legally required rest periods.

48.   Because DEFENDANTS failed to afford employees rest periods in compliance with the law, DEFENDANTS are liable to Plaintiff and the Rest Period Class for one hour of additional pay at the regular rate of compensation for each workday that Defendants did not provide all rest periods in compliance with the law.

49.   Plaintiff, on behalf of himself and the Rest Period Class, seeks damages and all other relief allowable including a premium rest break wage for each workday the employees were not provided with all third rest periods in compliance with the law.

## FOURTH CAUSE OF ACTION

### FAILURE TO PROVIDE COMPLETE AND ACCURATE WAGE STATEMENTS IN VIOLATION OF LABOR CODE SECTION 226

### (Against DEFENDANTS THE F. A. BARTLETT TREE COMPANY, FINCH TREE SURGERY, INC., BARTLETT TREE EXPERTS, AND DOES 1 TO 50 by the Wage Statement Class)

50.   Plaintiff incorporates by reference all paragraphs above as if fully alleged herein.

51.   At all relevant times, Plaintiff and the other members of the Wage Statement Class were non-exempt employees of DEFENDANTS and covered by Labor Code Section 226.

52.   Pursuant to Labor Code Section 226, subdivision (a), Plaintiff and the other members of the class were entitled to receive, semimonthly or at the time of each payment of wages, an itemized wage statement accurately stating the following:

> (1) gross wages earned, (2) total hours worked by the employee, except for any employee whose compensation is solely based on a salary and who is exempt from payment of overtime under subdivision (a) of Section 515 or any applicable order of the Industrial Welfare Commission, (3) the number of piece-rate units earned and any applicable piece rate if the employee is paid on a piece-rate basis, (4) all deductions, provided that all deductions made on written orders of the employee may be aggregated and shown as one item, (5) net wages earned, (6) the inclusive dates of the period for which the employee is paid, (7) the name of the employee and his or her social security

1
2
3
4

number, except that by January 1, 2008, only the last four digits of his or her social security number or an employee identification number other than a social security number may be shown on the itemized statement, (8) the name and address of the legal entity that is the employer, and (9) all applicable hourly rates in effect during the pay period and the corresponding number of hours worked at each hourly rate by the employee.

5
6
7
8
9
10
11
12
13
14
15
16

53.      DEFENDANTS' illegal practices (described in more detail above and below including but not limited to DEFENDANTS' failure to pay properly calculated overtime and failure to pay all meal and rest period premiums for missed/improper/untimely second meal and rest breaks) resulted in DEFENDANTS not providing Plaintiff and other California non-exempt employees with accurate and complete itemized wage statements in violation of Labor Code section 226. The wage statements DEFENDANTS provided to employees were inadequate for reasons including but not limited to Defendants inaccurately or failing to state the following: the number of hours worked, the gross wages earned, the net wages earned, and hourly rates in place during the pay period with corresponding hours worked. In addition, DEFENDANT provided wage statements which also failed to include a social security number or employee number, all applicable hourly rates in effect during the pay period and the corresponding number of hours worked at each hourly rate by the employee, the name and address of the employer, and dates of the period for which the pay was being provided.

17
18
19
20
21
22
23

54.      DEFENDANTS' failure to provide Plaintiff and members of the Wage Statement Class with accurate and complete wage statements was knowing and intentional. DEFENDANTS had the ability to provide Plaintiff and members of the Class with accurate and complete wage statements but intentionally provided wage statements that DEFENDANTS knew were not accurate. DEFENDANTS knowingly and intentionally put in place practices which deprived employees of wages and resulted in DEFENDANTS' knowing and intentional providing of inaccurate wage statements.

24
25
26
27
28

55.      As a result of DEFENDANTS unlawful conduct, Plaintiff and members of the Class have suffered injury in that the wage statements inaccurately stated and/or failed to state the aforementioned items of information and Plaintiff and the members of the class could not promptly and easily determine from the wage statement alone an accurate statement of: the gross wages earned and the net wages earned.

56.     Pursuant to Labor Code Section 226(e), Plaintiff and members of the Wage Statement Class are entitled to recover actual damages or fifty dollars for the initial pay period in which a violation of Labor Code Section 226 occurred and one hundred dollars for each violation of Labor Code Section 226 in a subsequent pay period, not to exceed an aggregate penalty of four thousand dollars per employee.

57.     Pursuant to Labor Code Section 226(g), Plaintiff and members of the Wage Statement Class are entitled to bring an action for injunctive relief to ensure DEFENDANTS' compliance with Labor Code Section 226(a). Injunctive relief is warranted because DEFENDANTS continue to provide currently employed members of the Class with inaccurate wage statements in violation of Labor Code Section 226(a) and currently employed members of the Class have no adequate legal remedy for the continuing injuries that will be suffered as a result of DEFENDANTS' ongoing unlawful conduct. Injunctive relief is the only remedy available for ensuring DEFENDANTS comply with Labor Code Section 226(a).

58.     Pursuant to Labor Code Sections 226(e) and 226(g), Plaintiff and members of the Class are entitled to recover the full amount of penalties due under Labor Code Section 226(e), reasonable attorney fees, and costs of suit.

## FIFTH CAUSE OF ACTION

**FAILURE TO TIMELY PAY UNPAID WAGES DUE AT TIME OF SEPARATION OF EMPLOYMENT IN VIOLATION OF LABOR CODE SECTIONS 201, 202, AND 203 (Against DEFENDANTS THE F. A. BARTLETT TREE COMPANY, FINCH TREE SURGERY, INC., BARTLETT TREE EXPERTS, AND DOES 1 TO 50 by the Waiting Time Class)**

59.     Plaintiff incorporates all paragraphs above as if fully alleged herein.

60.     At all relevant times, Plaintiff and the other members of the Waiting Time Class were non-exempt employees of DEFENDANTS in California and covered by Labor Code Sections 201 or 202.

61.     Pursuant to Labor Code Sections 201 or 202, Plaintiff and members of the Waiting Time Class were entitled upon termination to timely payment of all wages earned and unpaid prior to

termination. Discharged employees were entitled to payment of all wages earned and unpaid prior to discharge immediately upon termination. Employees who resigned were entitled to payment of all wages earned and unpaid prior to resignation within 72 hours after giving notice of resignation or, if they gave 72 hours previous notice, they were entitled to payment of all wages earned and unpaid prior to resignation at the time of resignation.

62.    DEFENDANTS failed to pay Plaintiff and members of the Waiting Time Class all wages earned and unpaid prior to termination in accordance with Labor Code Section 201 or 202. Plaintiff is informed and believes and thereon alleges that at all relevant times within the limitations period applicable to this cause of action, DEFENDANTS maintained a policy or practice of not paying hourly employees upon separation of employment wages for all unpaid wages (as described in more detail above and including unpaid overtime and meal and rest period premiums) and/or not paying them final wages timely upon separation of employment.

63.    DEFENDANTS' failure to pay Plaintiff and members of the Waiting Time Class all unpaid wages prior to termination or within 72 hours of resignation in accordance with Labor Code Sections 201 or 202 was willful. DEFENDANTS had the ability to pay all wages earned by hourly workers prior to termination or within 72 hours of resignation in accordance with Labor Code Sections 201 or 202, but intentionally adopted policies or practices incompatible with the requirements of Labor Code Sections 201 or 202. DEFENDANTS' practices are described in further detail above. When DEFENDANTS failed to timely pay hourly workers all unpaid wages earned at the time of termination or within 72 hours of resignation, DEFENDANTS knew what they were doing and intended to do what they did.

64.    Pursuant to Labor Code Section 201 or 202, Plaintiff and members of the Waiting Time Class are entitled to all wages earned prior to termination that DEFENDANTS did not pay them.

65.    Pursuant to Labor Code Section 203, Plaintiff and members of the Waiting Time Class are entitled to continuation of their wages, from the day their earned and unpaid wages were due upon termination until paid, up to a maximum of 30 days.

66.    As a result of DEFENDANTS conduct, Plaintiff and members of the Waiting Time

1  Class have suffered damages in an amount, subject to proof, to the extent they were not paid for all

2  wages earned prior to termination.

3      67.    As a result of DEFENDANTS conduct, Plaintiff and members of the Waiting Time

4  Class have suffered damages in an amount, subject to proof, to the extent they were not paid all

5  continuation wages owed under Labor Code Section 203.

6      68.    Pursuant to Labor Code Sections Plaintiff and members of the Waiting Time Class are

7  entitled to recover the full amount of their unpaid wages, continuation wages under Section 203, and

8  interest thereon.

9  **<u>SIXTH CAUSE OF ACTION</u>**

10  **UNFAIR BUSINESS PRACTICES IN VIOLATION OF BUSINESS AND PROFESSIONS**

11  **CODE SECTION 17200, *et seq.***

12  **(Against DEFENDANTS THE F. A. BARTLETT TREE COMPANY, FINCH TREE**

13  **SURGERY, INC., BARTLETT TREE EXPERTS, AND DOES 1 TO 50 by the California**

14  **Class)**

15      69.    Plaintiff incorporates all paragraphs set forth above as if fully alleged herein.

16      70.    The unlawful conduct of Defendants alleged herein constitutes unfair competition

17  within the meaning of Business and Professions Code Section 17200. This unfair conduct includes

18  DEFENDANTS' use of policies and procedures which resulted in DEFENDANTS' failure to provide:

19  properly calculated overtime; legally compliant second meal periods or meal period premium wages;

20  legally required rest periods or rest period premium wages; accurate and complete wage statements;

21  and timely payment of final wages, all as described in more detail above. Due to DEFENDANTS'

22  unfair and unlawful business practices in violation of the Labor Code, DEFENDANTS have gained

23  a competitive advantage over other comparable companies doing business in the State of California

24  that comply with their obligations under the law.

25      71.    As a result of DEFENDANTS' unfair competition as alleged herein, Plaintiff and

26  members of the California Class have suffered injury in fact and lost money or property, as described

27  in more detail above.

28      72.    Pursuant to Business and Professions Code Section 17203, Plaintiff and members of

the California Class are entitled to restitution of all wages and other monies rightfully belonging to them that DEFENDANTS failed to pay them and wrongfully retained by means of their unlawful and unfair business practices. Plaintiff also seeks an injunction against DEFENDANTS on behalf of the California Class enjoining them, and any and all persons acting in concert with them, from engaging in each of the unlawful practices, policies and patterns set forth herein.

## SEVENTH CAUSE OF ACTION

### CIVIL PENALTIES AND WAGES PURSUANT TO THE PRIVATE ATTORNEYS GENERAL ACT OF 2004, LABOR CODE SECTION 2698, et seq.

### (Against all Defendants)

73.     Plaintiff incorporates paragraphs set forth above as if fully alleged herein.

74.     During the period beginning one-year period preceding the sending of the initial notice to the LWDA to the present, Defendants violated Labor Code sections 201, 202, 203, 226, 226.7, 510, 512, 1194, and 1198 as alleged in more detail above.

75.     Specifically, Defendants have committed the following violations of California Labor Code:

(a)     **Failure to pay properly calculated overtime by failing to include all remuneration in calculating the regular rate of pay**: DEFENDANTS employ non-exempt employees, including the named Plaintiff and all others similarly-situated, with a compensation structure that includes additional remuneration, including but not limited to non-discretionary production bonuses. At times, Plaintiff and similarly situated California employees worked overtime hours under California law during pay periods that the employees earned the additional remuneration. DEFENDANTS entirely excluded certain remuneration, including the bonuses, in calculating the overtime rate of pay for Plaintiff and similarly situated employees during the periods the remuneration was earned. This practice resulted in Plaintiff and all other similarly situated employees working overtime hours and DEFENDANTS paying them less wages then the employees were entitled to under California law.

(b)     **Failure to pay premium wages to non-exempt employees to compensate them for workdays Defendants failed to provide legally compliant second meal breaks:** Plaintiff

and other non-exempt employees worked on workdays in shifts of more than 10 hours. During his employment, DEFENDANTS would fail to provide a legally compliant second meal break prior to the end of the tenth hour of work. DEFENDANTS did not have a policy to provide Plaintiff and other non-exempt employees with second meal breaks when he and other similarly situated employees worked ten hours. DEFENDANTS also failed to pay Plaintiff and similarly situated employees one hour of pay at their regular rate of pay for each workday Plaintiff and similarly situated employees did not receive a legally compliant second meal periods. DEFENDANTS lacked a policy and procedure for compensating Plaintiff and similarly situated employees with premium wages when they did not receive all legally compliant second meal periods. This practice resulted in Plaintiff and all other similarly situated employees not receiving wages to compensate them for workdays which DEFENDANTS did not provide them with all legally compliant second meal periods in compliance with California law.

(c) **Failure to pay premium wages to non-exempt employees to compensate them for workdays Defendants failed to provide legally compliant third rest breaks:** Plaintiff and other non-exempt employees regularly worked on workdays in shifts of more than 8 hours and at times more than 10 hours. At times, DEFENDANTS would regularly fail to provide Plaintiff and other non-exempt employees timely rest breaks in the middle of each work period during which they were relieved of all duties. DEFENDANTS lacked a policy to provide rest periods. DEFENDANTS also failed to pay employees one hour of pay at their regular rate of pay for each workday Plaintiff and employees did not receive all legally required and legally compliant rest periods. DEFENDANTS lacked a policy and procedure for compensating employees with premium wages when they did not receive all legally required and legally compliant rest periods. This practice resulted in Plaintiff and all other similarly situated California non-exempt employees not receiving wages to compensate them for workdays which DEFENDANTS did not provide them with legally required and legally compliant rest periods in compliance with California law.

(d) **Pay Stub Violations**: DEFENDANTS failed to provide accurate and complete wage statements to Plaintiff and other non-exempt employees. Because DEFENDANTS failed to pay all properly calculated overtime due and unpaid meal and rest period premiums; wage statements

provided to Plaintiff and other similarly situated employees often failed to accurately state total hours worked, gross wages earned, net wages earned, and applicable hourly rates and corresponding number of hours worked. DEFENDANTS violated Labor Code section 226, subdivision (a), by failing to provide wage statements which stated accurate representations of total hours worked, gross wages earned, net wages earned, and applicable hourly rates and corresponding number of hours worked. In addition, wage statements provided to employees which failed to include a social security number or employee number, all applicable hourly rates in effect during the pay period and the corresponding number of hours worked at each hourly rate by the employee, the name and address of the employer, and dates of the period for which the pay was being provided. DEFENDANTS applied these policies and procedures to Plaintiff and other non-exempt employees in California which resulted in DEFENDANTS failing to provide complete and accurate wage statements to non-exempt employees in compliance with Labor Code section 226, subdivision (a).

(e)    **Failure to Pay Former California Non-Exempt Employees All Wages Due at Time of Termination/Resignation**: DEFENDANTS failed to pay Plaintiff and other non-exempt employees with all wages (including unpaid wages for overtime due to miscalculation, unpaid premium wages for failure to provide all legally compliant meal and/or rest breaks) during their employment and never paid these amounts after Plaintiff and other California employees separated employment with DEFENDANTS. As a result, DEFENDANTS failed to pay those employees timely after each employee's termination and/or resignation in violation of Labor Code sections 201 and 202.

76.    Labor Code sections 2699, subdivisions (a) and (g) authorize an aggrieved employee, on behalf of himself or herself and other current or former employees, to bring a civil action to recover civil penalties against all Defendants pursuant to the procedures specified in Labor Code section 2699.3.

77.    Plaintiff has complied with the procedures for bringing suit specified in Labor Code section 2699.3. Plaintiff filed notice on August 2, 2017 with the Labor and Workforce Development Agency ("LWDA") giving the LWDA written notice of the specific provisions of the Labor Code alleged to have been violated, including the facts and theories to support the alleged violations. Plaintiff sent the notices to Defendants by certified mail.

78.     Pursuant to Labor Code section 2699.3, the LWDA must give written notice by certified mail to the parties that it intends to investigate the alleged violations of the Labor Code within 60 days of the date of the complainant's written notice. The LWDA failed to provide the parties notice within 60 days of the date of Plaintiff's letter that the LWDA intends to investigate Plaintiff's claims and/or Defendants failed to cure any of the alleged violations which could have been cured, if curable.

79.     Pursuant to Labor Code sections 2699(a) and (f), Plaintiff is entitled to recover civil penalties and unpaid wages if applicable for Defendants' violations of Labor Code 201, 202, 203, 226, 226.7, 510, 512, 1194, 1197, and 1198, during the Civil Penalty Period in the following amounts:

a.     For unpaid wages pursuant to Labor Code section 226.7, 510, 512, and 1194 [pursuant to Labor Code section 558].

b.     For violations of Labor Code sections 201, 202, 203, 226.7, and 1198; one hundred dollars ($100) for each aggrieved employee per pay period for the initial violation and two hundred dollars ($200) for each aggrieved employee per pay period for each subsequent violation [penalty amounts established by Labor Code section 2699(f)(2)].

c.     For violations of Labor Code section 226, two hundred fifty dollars ($250) for each aggrieved employee for each pay period for the initial violation, and for each subsequent violation, one thousand dollars ($1000) for each underpaid employee for each pay period [penalty amounts established by Labor Code section 226.3].

d.     For violations of Labor Code section 510, 512, and 1194, fifty dollars ($50) for each aggrieved employee for each pay period for the initial violation, and for each subsequent violation, one hundred dollars ($100) for each underpaid employee for each pay period [penalty amounts established by Labor Code section 558].

80.     Pursuant to Labor Code section 2699(g), Plaintiff is entitled to an award of reasonable attorney's fees and costs in connection with his claims for civil penalties.

## **PRAYER FOR RELIEF**

**WHEREFORE, PLAINTIFF, ON HIS BEHALF AND ON BEHALF OF THOSE**

SIMILARLY-SITUATED, PRAYS AS FOLLOWS:

**ON THE FIRST, SECOND, THIRD, FOURTH, FIFTH, AND SIXTH CAUSES OF ACTION:**

1.      That the Court determine that this action may be maintained as a class action (for the entire California Class and/or any and all of the specified sub-classes) pursuant to Code of Civil Procedure section 382 and any other applicable law;

2.      That the named Plaintiff be designated as class representative for the California Class (and all sub-classes thereof);

3.      A declaratory judgment that the practices complained herein are unlawful; and,

4.      An injunction against Defendants enjoining them, and any and all persons acting in concert with them, from engaging in each of the unlawful practices, policies and patterns set forth herein.

**ON THE FIRST CAUSE OF ACTION:**

1.      That the Defendants be found to have violated the overtime and meal/rest period provisions of the Labor Code and the IWC Wages Orders as to the Plaintiff and the Regular Rate Class;

2.      For damages, according to proof, including but not necessarily limited to unpaid wages;

3.      For any and all legally applicable penalties;

4.      For pre-judgment interest, including but not limited to that recoverable under California Labor Code section 1194, and post-judgment interest;

5.      For attorneys' fees and costs of suit, including but not limited to that recoverable under California Labor Code section 1194; and,

6.      For such and other further relief, in law and/or equity, as the Court deems just or appropriate.

**ON THE SECOND CAUSE OF ACTION:**

1.      That the Defendants be found to have violated the meal break provisions of the Labor

Code and the IWC Wages Orders as to the Plaintiff and the Second Meal Period Class;

2.    For damages, according to proof, including unpaid wages;

3.    For any and all legally applicable penalties;

4.    For pre-judgment interest, including but not limited to that recoverable under California Labor Code section 218.6, and post-judgment interest; and

5.    For such and other further relief, in law and/or equity, as the Court deems just or appropriate.

**ON THE THIRD CAUSE OF ACTION:**

1.    That the Defendants be found to have violated the rest break provisions of the Labor Code and the IWC Wages Orders as to the Plaintiff and the Rest Period Class;

2.    For damages, according to proof, including unpaid wages;

3.    For any and all legally applicable penalties;

4.    For pre-judgment interest, including but not limited to that recoverable under California Labor Code section 218.6, and post-judgment interest; and

5.    For such and other further relief, in law and/or equity, as the Court deems just or appropriate.

**ON THE FOURTH CAUSE OF ACTION:**

1.    That the Defendants be found to have violated the provisions of the Labor Code regarding proper itemized paystubs as to the Wage Statement Class;

2.    For damages and/or penalties, according to proof, including damages and/or statutory penalties under Labor Code section 226(e) and any other legally applicable damages or penalties;

3.    For pre-judgment interest and post-judgment interest;

4.    For attorneys' fees and costs of suit, including but not limited to that recoverable under California Labor Code section 226(e); and,

5.    For such and other further relief, in law and/or equity, as the Court deems just or appropriate.

**ON THE FIFTH CAUSE OF ACTION:**

1.    That the Defendants be found to have violated the provisions of the Labor Code

regarding payment of wages due upon resignation or termination as to the Waiting Time Class;

2.     For damages and/or penalties, according to proof, including damages and/or statutory penalties under Labor Code section 203 and any other legally applicable damages or penalties;

3.     For pre-judgment interest, including under California Labor Code section 218.6, and post-judgment interest; and,

4.     For such and other further relief, in law and/or equity, as the Court deems just or appropriate.

### ON THE SIXTH CAUSE OF ACTION:

1.     That the Defendants be found to have violated Business and Professions Code section 17200 for the conduct alleged herein as to all Classes;

2.     A declaratory judgment that the practices complained herein are unlawful;

3.     An injunction against Defendants enjoining them, and any and all persons acting in concert with them, from engaging in each of the unlawful practices, policies and patterns set forth herein;

4.     For restitution to the full extent permitted by law; and,

5.     For such and other further relief, in law and/or equity, as the Court deems just or appropriate.

### ON THE SEVENTH CAUSE OF ACTION

1.     That the Defendants be found to have violated the provisions of the Labor Code and the IWC Wages Orders as to the Plaintiff and current or former aggrieved employees;

2.     For any and all legally applicable penalties, including but not limited to that recoverable under California Labor Code section 2699(f), 226.3, 558, and 1197.1.

3.     For any and all legally applicable unpaid wages as penalties, including but not limited to that recoverable under California Labor Code section 558 and 1197.1.

4.     For attorneys' fees and costs of suit, including but not limited to that recoverable under California Labor Code section 2699(g); and,

5.     For such and other further relief, in law and/or equity, as the Court deems just or appropriate.

1

2    Dated: September 10, 2019                  Respectfully submitted,

3                                              **LAVI & EBRAHIMIAN, LLP**

4

5                                              By: _____

6                                                  Joseph Lavi, Esq.
                                                   Jordan D. Bello, Esq.
7                                                  Attorneys for PLAINTIFF
                                                   OMAR MAGANA and Other Class Members
8                            **DEMAND FOR JURY TRIAL**

9
         PLAINTIFF OMAR MAGANA demands a trial by jury for himself and the Class on all claims
10
     so triable.
11

12   Dated: September 10, 2019                  Respectfully submitted,
                                              **LAVI & EBRAHIMIAN, LLP**
13

14

15                                             By: _____

16                                                 Joseph Lavi, Esq.
                                                   Jordan D. Bello, Esq.
17                                                 Attorneys for PLAINTIFF
                                                   OMAR MAGANA and Other Class Members
18

19

20

21

22

23

24

25

26

27

28